RD 1/13/2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x        NOT FOR PUBLICATION

ROY TAYLOR,                                        :
                                                   :
                              Plaintiff,           :
                                                   :        MEMORANDUM & ORDER
             -against-                             :
                                                   :        19-cv-4093 (ENV) (ST)
NYCDOCS COMMISSIONER CYNTHIA                       :
BRANN, NYPD, CITY OF NEW YORK, *et al.*,           :
                                                   :
                              Defendants.          :
------------------------------------------------------------- x
------------------------------------------------------------- x
ROY TAYLOR,                                        :
                                                   :
                              Plaintiff,           :
                                                   :        19-cv-4874 (ENV) (ST)
             -against-                             :
                                                   :
NYCDOCS COMMISSIONER CYNTHIA                       :
BRANN, NYPD, CITY OF NEW YORK, *et al.*,           :
                                                   :
                              Defendants.          :
------------------------------------------------------------- x

VITALIANO, D.J.

       Plaintiff Roy Taylor, currently incarcerated at the Anna M. Kross Center ("AMKC"), a

jail located on Rikers Island, filed these two *pro se* actions for violation of his federal

constitutional rights, pursuant to 42 U.S.C. § 1983, while incarcerated at AMKC and at the

Manhattan Detention Complex ("MDC") in New York County.  In addition to the named

defendants, the bodies of the complaints identify other individuals.  *See* 19-cv-4093, Dkt. 1

("Compl.") at 2; *see also* 19-cv-4874, Dkt. 1.[1]  In both actions, he seeks $300,000 in

compensatory damages, $100,000 in nominal damages, $300,000 in punitive damages, and

---

[1]  The Court references the page numbers assigned by the CM/ECF docketing system.

attorney's fees of $5000. His requests to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, are granted. As set forth below, the complaints are dismissed with leave to file an amended complaint.

### Procedural Note

At the outset, the Court notes that the first action, filed on July 10, 2019, is an exact duplicate of the second action filed on August 20, 2019, with only one exception. In the first action, No. 19-cv-4093, plaintiff refers to exhibits that he did not include. The second action, No. 19-cv-4874, includes the exhibits referenced in the complaints. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 123, 647 L. Ed. 2d 483 (1976). The Court directs the Clerk of Court to consolidate these two actions solely for the purpose of this Order, dismiss the first action as a duplicate filing, and make all entries in the second action, 19-cv-4874 (ENV) (ST).

### Background

Plaintiff makes a number of claims related to his incarceration at AMKC and his arrest and incarceration at MDC in New York County. First, plaintiff alleges that at AMKC, he was denied: adequate law library time, access to the typewriter and paper supplies, access to the computer, and use of the restroom from December 2016 to April 2017. Compl. at 6. Second, plaintiff alleges that he was subjected to unlawful confinement and a fine based on a false disciplinary report against him. *Id.* at 7. Third, plaintiff alleges that while at AMKC and at MDC, he was denied attorney visits. *Id.* at 8. Fourth, plaintiff alleges that on November 1,

2018, he slipped and fell in the shower at AMKC. *Id.* at 9. Fifth, plaintiff alleges that on October 8, 2018, he was assaulted by a gang of inmates and that "two female AMKC correction officers failed to protect" him. *Id.* Sixth, plaintiff alleges that on March 25, 2019, he was denied a copy of the envelope for legal mail that was returned to him pursuant to a DOC policy. *Id.* at 9–10. Seventh, plaintiff alleges that police from the 25th Police Precinct in New York County deprived him of his personal property when he was arrested on June 28, 2018 after a "minor car collision." *Id.* at 10–11. Eighth, plaintiff alleges that on August 2018, he was sprayed with a chemical agent. *Id.* at 11. Ninth, plaintiff alleges that he was denied religious services from "June 2018 til 2019." *Id.* at 12. Tenth, plaintiff alleges that on August 8, 2018, his commissary items were stolen when his cell door was opened by a correction officer. *Id.*

### Standard of Review

The Court is mindful that plaintiff is proceeding *pro se* and that his complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted). A *pro se* plaintiff's pleadings are to be interpreted liberally, to raise "the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, even a *pro se* plaintiff must "plead facts sufficient to state a claim to relief that is plausible on its face." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Where a plaintiff is proceeding *in forma pauperis*, as in this case, it is incumbent on a district court to dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must dismiss any portion of a prisoner's complaint against a governmental entity or its agents that is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)(2).

Generally, however, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Leave need not be granted, though, if the court is convinced that any attempted amendment would be futile. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

Discussion

I.   Improper Venue

At the outset, the Court notes that certain claims occurred when plaintiff was arrested in New York County and then detained at MDC in New York County, including the deprivation of property. *See* Compl. at 8, 10. Pursuant to the venue provision governing civil actions in the district court, 28 U.S.C. § 1391(b), a civil action should be filed in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. Therefore, to the extent that any claims arose while plaintiff was incarcerated in New York County for an arrest that occurred in New York County, those claims are ordered severed and dismissed without prejudice to refiling them in the proper district court, *i.e.*, the United

4

States District Court for the Southern District of New York, located in Manhattan. This Court is
not the proper court in which to commence an action which arose in New York County. *See* 28
U.S.C. § 1406(a). Therefore, the action may not proceed in this Court against Police Officer
Robert Renz, Lieutenant Callahan and any other officers employed at the 25th Police Precinct in
New York County or against any Correction Officers employed at the MDC in New York
County.

II.    Failure to State a Claim

      A.    *Claims Against the City of New York and its Agencies and Agents*

      As set forth below, this action may not proceed against the City of New York, the New
York Police Department ("NYPD"), the Department of Correction ("DOC") Commissioner
Cynthia Brann, and AMKC Warden Kisha Smalls.

      In order to sustain a claim for relief under § 1983 against a municipal defendant, a
plaintiff must show the existence of an officially adopted policy or custom that caused injury and
a direct causal connection between that policy or custom and the deprivation of a constitutional
right. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 692, 98 S. Ct.
2018, 56 L. Ed. 2d 611 (1978); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir.
2014) (summary order) (Claim against municipal entity was properly dismissed under 28 U.S.C.
§ 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom,
policy or practice of the municipality"). While plaintiff alleges that he was denied a copy of a
"return to sender" envelope pursuant to DOC policy, he does not allege facts to show that the
policy violated his constitutional rights. Moreover, the City's corporate charter provides that
"[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be
brought in the name of the city of New York and not in that of any agency, except where
otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has

been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam); *Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against NYPD and DOC as non-suable entities). Thus, the complaint is dismissed as to the City of New York and its agencies, DOC and NYPD, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

Taylor also cannot proceed on his claims against DOC Commissioner Cynthia Brann and AMKC Warden Kisha Smalls. As a prerequisite to an award of damages under § 1983, a plaintiff must allege the defendant's direct or personal involvement in a claimed constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). There is no suggestion in plaintiff's allegations that Commissioner Brann or Warden Smalls had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of his civil rights. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). The asserted § 1983 claims against these defendants, therefore, fail as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). Nor can these individual defendants be held liable as supervisors, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits," and so "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (*per curiam*) (finding that "mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a 1983 claim" (internal quotation marks omitted)). As alleged, the claims against these supervisor defendants are supportable only, if at all, through vicarious liability doctrines, which are inapplicable to § 1983 actions, and, accordingly, the claims against these defendants must be dismissed. *Iqbal*,

6

556 U.S. at 676.

    B.    *Access to the Courts and Attorney Visit*

Plaintiff also alleges that he was denied adequate law library time, in addition to typewriter and computer access as well as paper supplies. Compl. at 6, 8. He also alleges he was denied an attorney visit while on Rikers Island.[2] *Id.* at 8. In order to plead a violation of plaintiff's right of access to the courts, plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of the conduct of prison officials. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1995); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[P]laintiff must allege that the defendant took or was responsible for actions that hindered efforts to pursue a legal claim." (internal quotation marks an citations omitted)); *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) ("[A] plaintiff must demonstrate that a defendant caused actual injury, . . . *i.e.*, took or was responsible for actions that hindered [a plaintiffs] efforts to pursue a legal claim.") (internal quotation marks and citations omitted).

In other words, to survive dismissal, the allegations set forth in plaintiff's complaint must plausibly establish that "a nonfrivolous legal claim had been frustrated or was being impeded due to the actions of prison officials." *Amaker v. Haponik*, No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999) (internal quotation marks and citations omitted). Furthermore, "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid." *Procunier v. Martinez*, 416 U.S. 396, 419, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974) (overruled in part on other grounds).

---

[2] Plaintiff alleges that he was denied attorney visits while at MDC in New York County. Compl. at 8.

Here, Taylor has not alleged that any injury resulted from the purported denial of adequate law library time or the delay or denial of use of the typewriter and computer while Taylor was detained at AMKC. "[T]he mere delay in serving some court documents does not state a constitutional claim." *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998).

In addition, plaintiff's allegation that his attorney was misinformed as to his location on one occasion does not suggest a regulation or practice that would rise to the level of a constitutional violation. Because plaintiff's complaint does not allege that he sustained an actual injury as set forth above, he fails to state a claim for the violation of his right of access to the courts while detained at AMKC. However, the Court grants plaintiff leave to file an amended complaint to allege facts against individual prison officials in support of such a claim.

C.    *Slip and Fall—Negligence*

Plaintiff alleges that on November 1, 2018, he slipped and fell in the shower area at AMKC. Compl. at 9. Plaintiff further alleges that the "shower stall had no floor strips nor floor mats during the time of [the] incident." *Id.* Plaintiff's claim of negligence does not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (Fourteenth Amendment). Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Johnson v. N.Y.C. Dep't of Corr.*, No. 10-CV-338 (JG), 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (quoting *Sylla v. City*

8

*of New York*, No. 04-CV-5692 (ILG), 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases)). Thus, the complaint is dismissed as to plaintiff's slip and fall for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

D.   *Failure to Protect*

Plaintiff alleges that on October 8, 2018, gang members threw hot water at him and punched him in the face at AMKC. Compl. at 9. Plaintiff alleges that two unidentified female correction officers were "working this tour" but failed to protect him from the gang assault. *Id.* However, plaintiff does not allege that these correction officers were aware of the likelihood of harm to plaintiff yet failed to protect him from other inmates. Because plaintiff fails to allege that the two female correction officers had any personal involvement in failing to protect plaintiff, he fails to state a claim. *Farid*, 593 F.3d at 249; *Farrell*, 449 F.3d at 484. However, the Court grants plaintiff leave to file an amended complaint to allege facts against individual prison officials in support of this claim.

E.   *Excessive Force—Chemical Agent Exposure*

Plaintiff alleges that on August 2018, ESU Officer Alexis and other John Doe officers, sprayed him and others with a chemical agent in response to a gang altercation. Compl. at 11. Plaintiff further alleges that he was not allowed to wash the spray off his skin for about an hour and that he suffered breathing problems, skin, eyes and body burning and irritation as a result. *Id.* Based on plaintiff's confinement at AMKC, the Court assumes that he is a pretrial detainee. "[T]he right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment." *Knight v. City of New York*, No. 16-CV-7888 (RJS), 2019 WL 95480, at *3 (S.D.N.Y. Jan. 2, 2019) (quotation omitted). To state an excessive force claim, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *McNair v. Ponte*, No.

9

16-CV-1722 (LAP), 2019 WL 1428349, at *10 (S.D.N.Y. Mar. 29, 2019) (quotation omitted);

*Brown v. N.Y.C. Dep't of Corrs.*, No. 16-CV-6077 (CBA), 2018 WL 2389718, at *4 (E.D.N.Y.

May 23, 2018).

Because plaintiff does not name ESU Officer Alexis as a defendant, he fails to state a

claim for excessive force against the named defendants.  However, the Court grants plaintiff

leave to file an amended complaint to allege facts against individual prison officials in support of

this claim.

### F.    *Denial of Religious Worship*

Plaintiff alleges that "DOC has failed to afford inmates attendance of Muslim religious

services" "during April and from approx. June 2018 til 2019."  Compl. at 12.  This claim may be

cognizable under the First Amendment as it is well-settled that prisoners "retain some measure of

the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v.*

*McGinnis,* 352 F.3d 582, 588 (2d Cir. 2003).  However, a prisoner's right to freely exercise his

religion must be balanced against "the interests of prison officials charged with complex duties

arising from administration of the penal system." *Id.* (quoting *Benjamin v. Coughlin,* 905 F.2d

571, 574 (2d Cir. 1990)).  Because plaintiff does not name any prison official with personal

involvement for allegedly denying him access to Muslim religious services while detained at

AMKC, he fails to state a claim.  But, as with his other similar pleading shortcomings, the Court

grants plaintiff leave to file an amended complaint to allege facts against individual prison

officials in support of this claim.[3]  Taylor is reminded that a recital of conclusory allegations

---

[3] Because plaintiff seeks damages, the Court does not address whether he seeks relief under the
Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").  Specifically,

against individual defendants will not do. The complaint must factually and plausibly describe their individual role in the wrongdoing.

G.   *Red I.D. Category Status*

Plaintiff alleges that on August 16, 2018, he was placed on Red I.D. status at AMKC for a month "for no reason." Compl. at 12. The Red I.D. status required him to be placed in "security mittens" and orange jumpsuits while in court. Id. Plaintiff alleges that he was released from this status when he filed a grievance and an Article 78 proceeding, but seeks relief in federal court because he "suffered mentally." *Id.*

But, importantly, no prior hearing, or any other process, is required before the initial placement of an inmate in enhanced restraints pursuant to a Red I.D. status designation. *See Benjamin v. Fraser*, 264 F.3d 175, 188–90 (2d Cir. 2001). Rather, all that is required is that DOC provide "'subsequent review of the justification for imposing' the extra restraints that accompany Red ID status." *Vega v. Western*, No. 10-CV-6131 (DAB) (GWG), 2011 WL 4600599, at \*2 (S.D.N.Y. Oct. 6, 2011) (quoting *Benjamin*, 264 F.3d at 190). According to plaintiff, he successfully contested the Red I.D. designation. Compl. at 12. Because plaintiff

---

RLUIPA prohibits the government from burdening a prisoner's freedom to exercise his or her religion unless it can demonstrate that the burden "is in furtherance of a compelling governmental interest," and "is the least restrictive means of furthering that compelling governmental interest." *See* 42 U.S.C. § 2000cc-1(a). A plaintiff alleging a RLUIPA violation must first show that the challenged conduct substantially burdened his sincerely held religious beliefs. *See Singh v. Goord,* 520 F. Supp. 2d 487, 498 (S.D.N.Y. 2007). Money damages are not available under RLUIPA. *See Sossamon v. Texas,* 563 U.S. 277, 280, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011); *Holland v. Goord,* 758 F.3d 215, 224 (2d Cir. 2014); *Washington v. Gonyea,* 731 F.3d 143, 145 (2d Cir. 2013) (*per curiam*).

appears to have received the necessary due process and remedied the apparent error of his designation as Red I.D. status, the Court does not find that this claim rises to the level of a constitutional violation. *See, e.g., Vega v. Duffy*, No. 14-CV-8104 (VSB), 2017 WL 4180020, at *7 (S.D.N.Y. Sept. 20, 2017). Thus, the complaint is dismissed as to plaintiff's claim that he was improperly placed on Red I.D. category status for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

 H. *Loss or Stolen Property*

 Plaintiff alleges that on August 8, 2018, Correction Officer Rhedding opened his cell door which caused his property, consisting of commissary food, stamps and other items, to be stolen. Compl. at 12. "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).

 Additionally, "[i]t is well established that New York provides inmates with the opportunity for a meaningful postdeprivation hearing through state law causes of action for 'negligence, replevin, or conversion which could fully compensate [the plaintiff] for his alleged property loss.'" *Toliver v. City of New York*, No. 10 Civ. 5806 (SHS) (JCF), 2013 WL 6476791, at *7 (S.D.N.Y. Dec. 10, 2013) (quoting *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985).

 On August 9, 2018, plaintiff filed a claim with the City Comptroller. Compl. at 150–55. Plaintiff does not allege that he sought to bring, or was prevented from bringing, a state law claim seeking compensation for his property loss. Thus, the complaint alleging loss of property fails to state a claim because plaintiff does not allege that he was denied adequate post-deprivation procedures. However, the Court grants plaintiff leave to file an amended complaint

to support this claim. Plaintiff must set forth the procedures he followed in seeking compensation for his property loss and the result of those procedures.

Conclusion

For the reasons set forth above, the complaint under docket number 19-cv-4093 (ENV) (ST) is dismissed as a duplicate action. Additionally, any claims related to plaintiff's arrest by NYPD police officers in New York County, his detention at MDC in New York County or deprivation of property while in custody in New York County are dismissed without prejudice. Plaintiff may elect to file the balance of any such claims in the United States District Court for the Southern District of New York. This Court offers no opinion on the merits of any such claims.

The complaint under docket number 19-cv-4874 (ENV) (ST) is dismissed as to the remaining defendants pursuant to 28 U.S.C. §§ 1915A(b) 1915(e)(2)(B).

In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint for the remaining claims properly in this venue, if he can do so in good faith, as set forth above. Any amended complaint shall be filed within 30 days from the date this Order is entered on the docket, be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 19-CV-4874 (ENV) (ST).

Should plaintiff wish to allege the denial of access to the courts while detained at AMKC, he must identify the individuals employed at AMKC who allegedly violated plaintiff's right to access the courts and set forth the actions allegedly taken by each individual located at AMKC, the case to which such actions were related, the effect on the case, and the ultimate result in the case. Should plaintiff wish to proceed on his failure to protect, excessive force, denial of religious services and loss of property claims, he must name the individual prison officials personally involved in each claim and provide facts to support those claims as set forth above.

The Court will review the amended complaint for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). All further proceedings shall be stayed until further order of the Court. If plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated:   Brooklyn, New York
         December 28, 2019

s/ Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

14